Allen, a slave, *vs.* The State of Georgia.

tofneys at law, and who had not been employed, until after the cases had terminated by an agreement between the parties.

2d. Because there had been an agreement between the Commissioners, as to the compensation to be paid by the Company for the right of way over said public road, which had been ratified by the Commissioners of Roads for the 505th District.

The Court sustained the motion and dismissed the appeal, and counsel for plaintiff excepted.

---

No. 87.—ALLEN, a slave, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] On the trial of slaves, or free persons of color, under the Act of 1850 : *Held,* that it was illegal to admit in evidence the opinion of the committing Magistrates, that the person charged was guilty of a capital offence.

[2.] Where a capital offence is committed by a slave, during the session of the Superior Court, and the papers are returned, *it is competent for the Court to proceed to trial at that term.*

Allen, a slave, *vs.* The State of Georgia.

Indictment for murder, in Bibb Superior Court. Tried before Judge STARK, July Term, 1850.

At the July Term, 1850, of Bibb Superior Court, Allen, a slave belonging to David Flanders, was put on his trial for the alleged murder, in said County, of Sam, a slave, the property of John B. Lamar.

In the progress of the trial, it appearing from the testimony of one of the witnesses, that the homicide was committed during the then session of the Superior Court, defendant, by his counsel, objected to the farther progress of the cause, and moved the Court for a verdict, on the grounds—

1st. Because the defendant could not by law be indicted and tried at the then present term of said Court, but must be indicted at the next term of said Court after the commission of the alleged offence, as required by Statute.

2d. Because the indictment did not allege affirmatively the proceedings had before the committing Magistrates, viz : the affidavit, the warrant, the arrest, and notice in writing by the Magistrate issuing said warrant, to two or more of the nearest Justices of the Peace, to associate with him on a particular day therein specified, not exceeding three days from the date of said notice, for the trial of said slave.

The Court overruled the motion, and counsel for defendant excepted.

When the opinion in writing of the Magistrates before whom the defendant was tried, was tendered in evidence, defendant, by his counsel, objected thereto—

Because the opinion and order in writing tendered, was different from that set out in the bill of indictment, in this, to wit : the indictment alleged an order, signed by Ebenezer C. Granniss, Eliphalet E. Brown and William Shivers, Justices of the Peace, and the opinion in writing tendered, was signed by Eliphalet E. Brown, William Shivers, Junior, and Ebenezer C. Granniss, Justices of the Peace.

The Court overruled the objection, and admitted the writing

tendered in evidence, and counsel for defendant excepted, and upon these several exceptions has assigned error.

HARDEMAN, HALL & HALL, for plaintiff in error.

GLENN, (representing Sol. Gen. *McCune* and *Poe & Nisbet,*) for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] In the case of *Anthony, a slave, vs. the State of Georgia,* decided at Savannah in January last, this Court held, that in the prosecution of a slave under the Act of 1850, it was not necessary to set forth, in the bill of indictment, the opinion of the committing Magistrates, that the slave charged was guilty of a capital offence, and the other papers appertaining to the charge; and that it was not necessary to prove them on the trial. We there held that the requirement of the Statute that they should be transmitted to the Solicitor or Att. General, was directory to him, and that they constituted no part of the pleadings or proof on the trial. That decision controls the first point made in this case. If it is not made necessary to prove these papers by the Statute, then we hold that their admission is wrong, upon principle. By the Act, the slave is to be indicted and tried, as in cases of white persons. No evidence can be admitted against him, that is not legal, according to the rules of evidence, as they obtain in other cases on the criminal side of the Court. The *opinion* of the committing Magistrates, that the prisoner is guilty of the offence charged, is clearly illegal evidence, and ought not to be admitted. In this case, the presiding Judge instructed the Jury that they were not to regard it, in passing upon the guilt or innocence of the prisoner. Notwithstanding it may have had its effect upon their minds—and *what* effect, it is impossible for the Court to know. It is proper to withhold from the Jury all illegal evidence which, by possibility, may influence their verdict. The presiding Judge may pronounce it no evidence; yet its impression is made on the mind, and may influence the verdict, in despite of

Allen, a slave, *vs.* The State of Georgia

all the efforts of the Jury to disregard it.  In construing this benign Act, we wish to give to the slave the full benefit of all its provisions.  We thus decide, not so much because we have reason to believe that this evidence did, in this case, affect the verdict, as for the sake of what we believe will be a salutary rule, in all trials under the Act of 1850.  Upon the ground alone that it was error to admit this evidence, we send this case back, and find it unnecessary to consider the question of variance.

[2.] The requirement in the Act, that these papers shall be transmitted to the Attorney or Solicitor General, " on the first day of the next term of the Superior Court," is not intended to give time to the accused to prepare his case, and to give time for public opinion to cool, as argued by the plaintiff's counsel; but it is to prevent delay in the prosecution, and the costs of confinement in the jail.  It is to enable the Solicitor General to proceed within that term, with convenience, to send out a bill, and bring the cause to a hearing.  When, therefore, the offence is committed within the term, as here, and the papers are returned within the term, and the cause is regularly called for trial, it is triable at that term.  The shortness of the time intervening between the commission of the offence and the trial, would no doubt be considered by the Court, upon an application for a continuance by the prisoner.

Let the judgment be reversed.