### Elbert Crofoot v. The People.

*Bills of exceptions in criminal cases : When to be settled.* The statute, (*Comp. L.* § *6,083*), which requires bills of exceptions in criminal cases to be "reduced to writing in a summary mode, and presented to the Judge before the end of the term," as it respects the time for settling the exceptions, is directory ; it is sufficient if the exceptions be reduced to proper form, within such reasonable and necessary time as the Judge may allow.

*Heard and decided October 19.*

Motion by *A. H. Wilkinson* and *G. V. N. Lothrop* to dismiss the bill of exceptions because not settled until after the expiration of the term at which the trial took place.

*C. I. Walker* and *T. Romeyn,* contra.

COOLEY CH. J.

We are all agreed that this motion must be denied. For myself, I have grave doubts, if the statute respecting exceptions in criminal cases was designed to establish any different practice in regard to the settlement of exceptions, from that which is prescribed for civil cases. The statute speaks of the exceptions being reduced to writing in a *summary* mode, and presented to the Judge before the end of the term. (*Comp. L.* §*6,083*). These terms are proper and apt terms to apply to the taking of exceptions pre-

paratory to incorporating them in a formal bill; but they are not proper and apt terms to apply to the bill itself. I do not think we should construe this statute as requiring the actual preparation of the formal bill of exceptions during the term, when the phraseology of the statute does not imperatively demand it, and great injustice, amounting to a denial of right in some cases, would be the result.

But, if I were satisfied that the proper construction was as claimed by the prosecution, I should still think this motion ought to be denied.    The purpose of the statute is to secure to the accused party the benefit of his exceptions. That is the main purpose; and the provisions designed to accomplish it, and to secure the settlement of the exceptions in proper time, while the facts are fresh in the mind of the Judge, are directory only, and may be extended by him in his discretion.    The object of these provisions is accomplished, if the formal bill is presented to the Judge within such reasonable time as he may have allowed for the purpose.    On the other hand, the main object of the statute is defeated if we hold the provision respecting time imperative, and thereby elevate the circumstance of time, which, in this case, the Judge appears to have regarded unimportant, to be the controlling circumstance in the case.    We are not warranted, I think, in this construction; but must endeavor to give effect to the real intent of the Legislature as near as we can arrive at it.    We shall unquestionably do that, I think, by saving the exceptions, which the party has reduced to proper form in such reasonable and necessary time as the Judge has given.

CAMPBELL J.

I am also of the opinion that the statute is directory. A bill of exceptions does not operate in arrest of judgment. The Court can still go on and sentence, if it is thought proper.    And, if taken up on writ of error, there is no

*supersedeas* without a special allowance. The argument against delay is, therefore, without force.

This statute contemplates that a prisoner may be as much injured by wrong rulings on the trial, as by defects in the record; and, in fact, he is much more liable to be wronged on the trial. It was intended to give every one a fair opportunity of being heard in an appellate court. But it could not have been designed that a prisoner, tried early in the term, should have greater advantages than another who, without having any power to control the time of trial, is tried at the end of the term. Against such absurd consequences, we are bound to seek some reasonable construction; and when a party has done what he could, we cannot suppose it was intended that he should be compelled to do more. The law must be reasonably construed so as to secure its fair operation.

If the statute required the bill in express terms to be *signed* during the term, and from its length, or from other causes, the Judge could not examine it in time, and should refuse to sign it; the bill would not thereby become void, but he could be compelled to sign it afterwards. The law does not require impossibilities, and where a construction makes it necessary to attempt this in order to save a right, it is manifestly unreasonable. It is necessary to treat this statute as directory, to avoid absurd conclusions, and where a defendant has used diligence, nothing more can be demanded of him.

CHRISTIANCY J.

Whether, after exceptions have been duly taken on the trial of a criminal cause, the formal incorporation of them into a bill of exceptions may come within the statute in in reference to exceptions in civil cases,—as I am inclined to think they may—or, if governed exclusively by the statute in reference to exceptions in criminal cases, then, whether

CROFOOT v. THE PEOPLE.

the latter statute is to be regarded in *all cases* as merely directory, so far as relates to the time when the bill is required to be settled; I do not deem it necessary here to decide.

The trial 'in the present case was concluded on the evening of the last day of the term, as fixed by law, and it is admitted to have been impossible to prepare the bill of exceptions, and have it settled, and signed within the term. It must, therefore, be done afterwards, or the defendant must lose all benefit of the exceptions, without any fault of his, or of his counsel.

The statute, giving the defendant the right of exception, manifestly intended to give him the benefit of those exceptions, if well taken, unless he should deprive himself of that benefit by some default of his own. Upon the ground of necessity, therefore, the statute must be held directory as applied to such a case; and I have no doubt of the right of the Judge to extend the time for settling the bill, as was done in this case.

Courts have sometimes undertaken to avoid all apparent discrepancies in such cases by allowing entries to be made *nunc pro tunc;* and, in some of the States, the bills of exceptions whenever settled, are by the courts required to show upon their face, that they were settled and signed at the trial, or at the term. But it is manifest, that this mode of making an act appear to have been done, before it was done, in order to secure a mere apparent compliance as to time with the statute, is but another mode of declaring it thus far directory only.

GRAVES J.

The statute declares that the defendant, considering himself aggrieved by any opinion, direction or judgment of the Court, may allege exceptions, which being reduced to writing in a summary mode and presented to the Judge

19 MICH.—G².

before the end of the term, and found conformable to the truth of the case, shall be allowed and signed by the Judge.

The right to make exceptions, and obtain thereupon a review of the decisions of the trial court, is one of the first importance, and, by this provision, was manifestly intended to be secured to all defendants in criminal trials, in all Courts of Record.

The language used is so explicit as to preclude all controversy on this point. The law has applied this provision to the Recorder's Court, and has at the same time absolutely limited the duration of the terms of that Court.

Now, it must frequently happen, that the trial of a cause will terminate so near the close of the same term, and the commencement of the next, as to make it quite impracticable to settle a bill of exceptions during the trial term.

Beside, many cases will occur, as they have occurred, in which considerable delay in the formal preparation of the bill will be inevitable, in consequence of circumstances implying no fault in defendant. The judge or counsel may be sick, or papers may be mislaid or destroyed.

We must therefore either reject the construction contended for by the people or decide, in effect, that the right of review upon exceptions given by one provision of law to all defendants, in all criminal cases, in Courts of Record is, by the operation of another provision, confined to a portion only of such defendants.

Certainly, such a construction ought not to be given to the statute, unless imperatively required by the plain intent of the Legislature.

I think the provision in question must be regarded as directory merely.

Motion denied.