State vs. Pooler.

| 37 | 305 |
|----|-----|
| 84 | 357 |

---

STATE vs. POOLER.

CRIMINAL LAW. (1) *Exceptions at trial must be presented for allowance before end of term.* (2) *And record so show.* (3) *Case stated, and exceptions dismissed because not presented in time for allowance.*

State vs. Pooler.

1. To give this court jurisdiction of a criminal action upon *exceptions* (under secs. 7 and 9, ch. 180, R. S.), the record here must show affirmatively that the exceptions were reduced to writing and presented to the trial court *before the end of the term at which defendant was convicted*, and were allowed and signed by the judge.
2. Where the exceptions relied on in such a case are contained in a bill of exceptions signed by the judge, this is probably a sufficient allowance and signing; but the record must still show that this was done in due time.
3. Where, between the term of the circuit court at which defendant was convicted, and the date of the bill of exceptions, terms of the court for that circuit were by law appointed to be held in several other counties, there is a strong *presumption* that the trial term was adjourned before the date of the certificate, and, in the absence of anything in the record to show that the exceptions were presented to the judge before that date, they must be dismissed.

EXCEPTIONS from the Circuit Court for *Dunn* County.
*The Attorney General,* for the state.
*E. B. Bundy,* for defendant.

LYON, J.   The defendant was convicted of the crime of larceny at the October term, 1872, of the circuit court for Dunn county, and was thereupon sentenced by the court to imprisonment for a term of years in the state prison.   No writ of error has been sued out to remove the record to this court for review ; neither does the case come here on the report of the circuit judge.   Hence it must be here on exceptions, if at all. The statute which provides for bringing criminal cases to this court on exceptions (R. S., ch. 180, secs. 7 and 9 ; Tay. Stats., 1945–6, §§ 7 and 9), requires that the exceptions be reduced to writing and presented to the court before the end of the term at which the defendant is convicted, and be allowed and signed by the judge.   If these requirements are not complied with, this court obtains no jurisdiction to determine the exceptions, and the defendant is driven to his writ of error.   Moreover, the record must show such compliance affirmatively.

The exceptions relied upon by the defendant are contained

in the bill of exceptions signed by the judge; and this is, probably, a sufficient allowance and signing of them. But the certificate of the judge to such bill bears date December 30, 1872. Intermediate the commencement of the October term, 1872, of the circuit court for Dunn county, and the date of such certificate, terms of the circuit court for three other counties in the same circuit were appointed by law to be held. Laws of 1872, p. 346 (appendix). There is nothing in the record to show that the exceptions were presented to the judge until the date of the certificate, and there is a very strong presumption that this was after the adjournment of the term at which the defendant was convicted.

The record failing to show that this court has jurisdiction, the exceptions must be dismissed.

*By the Court.* — It is so ordered.