THE STATE vs. BIERBACH and others.

*When criminal action may be certified here on exceptions.*

To give this court jurisdiction of a criminal action certified to it upon excep-
tions (under sec. 4720, R. S.), such exceptions must have been presented
to the judge of the court below and allowed by him during the term of
the trial.   In other cases, the remedy is by writ of error to bring up the
record, after judgment.

CERTIFIED on Exceptions from the Municipal Court of
*Milwaukee* County.

On a motion by the state to dismiss the exceptions, there
was a brief by the *Attorney General*, and oral argument by
*H. W. Chynoweth*, Assistant Attorney General.

TAYLOR, J.   This case is certified to this court upon excep-
tions taken by the defendant in the court below.   The record
discloses that the exceptions were not presented to the judge
and allowed by him until after the expiration of the term of
court at which the trial was had.   This court has no jurisdic-
tion to pass upon such exceptions.   The right of this court
to pass upon exceptions taken and allowed by the court, when
there is no final judgment and no writ of error is issued to
the court below, is given by section 4720, R. S. 1878.   That
section provides that " any person who shall be convicted of
an offense before the circuit court, being aggrieved by any
opinion, direction or judgment of the court in any matter of
law, may allege exceptions to such opinion, direction or judg-
ment, which exceptions, being reduced to writing in a summary
mode and presented to the court *at any time before the end of
the term*, and if found conformable to the truth of the case,
shall be allowed and signed by the judge," etc.

The statute then provides that upon allowing such excep-
tions the court shall stay proceedings, unless it shall clearly
appear that such exceptions are frivolous, immaterial or in-

tended for delay.   The practice under this section is to certify such exceptions at once to this court for its consideration.   The proceeding is intended to be a summary one, and it is therefore required that the exceptions must be allowed before the end of the term at which the trial is had.   When exceptions are not allowed and signed until after the term, judgment must follow the conviction, and the exceptions then allowed are made a part of the record, as a bill of exceptions, under the provisions of section 4724; and in order to enable this court to review such exceptions settled after term and allowed as a bill of exceptions, the record containing such bill must be brought to this court by writ of error.   It appearing that the exceptions were not allowed before the end of the term at which the trial was had, and there being no final judgment and writ of error in the case, the exceptions must be dismissed. *State v. Pooler*, 37 Wis., 305.

*By the Court.* — So ordered.