## HASELHUHN *v.* MACOMB CIRCUIT COURT.

CRIMINAL LAW—PRACTICE AND PROCEDURE—EFFECT OF JUDICATURE ACT.

> Since the title of Act No. 286, Pub. Acts 1913, under which the commission was appointed to draft the judicature act (Act No. 314, Pub. Acts 1915), provided for the revision and consolidation of the general laws relating to civil practice and procedure, and the title of the judicature act expressly limits its operation to civil practice and procedure, the 14-day notice required by section 5, chap. 18, of the judicature act (section 12577, 3 Comp. Laws 1915), does not apply to a criminal case where the defendant is bound over to the circuit court for trial at the present term of court, and the case is not on the calendar; and the defendant may be tried at once under the former practice, unless there are other reasons for adjournment.

Mandamus by Charles Haselhuhn to compel James G. Tucker, circuit judge of Macomb county, to enter an order striking a cause from the calendar. Submitted June 4, 1918. (Calendar No. 28,359.) Writ denied July 18, 1918.

*George W. John* (*William Van Dyke,* of counsel), for plaintiff.

*Lynn M. Johnston,* for defendant.

KUHN, J. In this proceeding it is sought by mandamus to compel the respondent to enter an order granting the motion made by relator's counsel to strike a cause in which relator was respondent, from the calendar.

The relator was bound over to the circuit court February 26, 1918, on the charge of retailing liquor without a license. The recognizance called upon him to appear at the present term of the circuit court February 26, 1918, the then February term of the circuit court having commenced February 4, 1918. The next term of the circuit court would commence May 6, 1918. The relator appeared on February 26, 1918, as required by his recognizance, but no proceedings took place in court. On March 1st the justice made his return, and on March 16th an information was filed by the prosecuting attorney. On March 16th the relator was sent for and, according to the records of the court, was arraigned, the reading of the information was waived, and a plea of not guilty was entered. On March 18th, the relator's attorney, being in court, was informed by the circuit court to be ready for trial forthwith, as the case would be taken up immediately after two other jury trials were concluded. Relator's attorney thereupon moved to have the case stricken from the calendar on the ground that it was improperly placed thereon. This motion was denied by the respondent.

Section 5, chap. 18, Act No. 314, Pub. Acts 1915 (judicature act, 3 Comp. Laws 1915, § 12577), provides:

"Cases in which issue shall be joined, or appeal filed, after the fourteenth day before the first day of any term of any court, may be placed upon the calendar at any time before or during the term, at the request of the attorney for any party thereto, which said attorney shall forthwith give notice in writing to all of

the parties to said cause, or their attorneys, of the fact of placing such cause upon the calendar, and upon the giving of such notice, after the lapse of fourteen days the same shall stand for trial the same as other cases."

It is agreed by counsel that the only question of law involved in this proceeding is as to whether or not the provision of the judicature act above quoted applies to criminal cases; that is, if the defendant in a criminal case is bound over to the circuit court for trial at the present term of court, and the case is not on the calendar, does the 14-day notice required in civil cases apply, or can the respondent be tried at once unless there are other reasons for adjournment?

As the February term of the court has now passed, it is apparent that in the instant case this has now become a moot question. However, because of the public importance of the question involved, we will determine it upon its merits.

The act (Act No. 286, Pub. Acts 1913) by which the commission was appointed to draft the judicature act, is entitled:

"An act to provide for the appointment of a commission to prepare and report bills for the revision and consolidation of the general laws of this State relating to civil practice and procedure, domestic relations, and transactions (probably a misprint, and should be taxation) and other general laws, and to prescribe their duties and provide their compensation."

Section 1 of the act reads:

"It shall be the duty of the governor to appoint a commission consisting of three persons, not more than two of whom shall belong to the same political party, whose duty it shall be to prepare separate bills for the consolidation and revision of the general statutes of this State upon the following subjects:

"(*a*) The law relating to civil practice and procedure;

"(*b*) The law relating to domestic relations;

"(c) The law relating to general taxation;
"and to report the same to the governor on the completion thereof."

While it is true that the commissioners were, by section 2 of said act, authorized to prepare revisions of the general statutes on such *other* subjects as they might consider in need of revision and consolidation, yet it was specifically provided that each subject with which they dealt should be embodied in a separate bill. The judicature act was the result of their work under subdivision (a) of section 1 above quoted, which was confined to *civil* practice and procedure. The title of the judicature act expressly limits its operation to *civil* practice and procedure:

"An act to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this State; the powers and duties of such courts, and of the judges and other officers thereof; the forms of civil actions; the time within which civil actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in civil actions and proceedings in said courts; to provide remedies and penalties for the violation of certain provisions of this act; and to repeal all acts and parts of acts inconsistent with, or contravening any of the provisions of this act."

The only reference to criminal cases in the judicature act to which counsel have called our attention, in connection with the subject under consideration, is in the section prescribing the order in which the clerk shall place cases on the calendar, likewise found in Circuit Court Rule No. 40. That, however, has no significance. In order to insure to the accused the "speedy trial" to which he is entitled by the Constitution, it has always been the rule that criminal cases should have the preference and be first disposed of at each term. In a statute relating to the making up of a calendar of cases, it is of course impossible to

provide that civil cases shall follow the criminal cases, without providing that the criminal cases shall come first. Hence the reference to criminal cases in this section. A similar provision was found in the statutes prior to the judicature act, and also in the court rules.

Prior to the judicature act, a person accused of a crime, arrested and examined by a magistrate during a term of the circuit court, might be bound over to appear at the present term of the court, and might be tried at that term. In Tiffany's Criminal Law, pages 145, 146, it is said:

"The condition of the recognizance must show the court to which the accused is bound to appear, and must require him to appear at a time when the court will be in session; and it is said that if it bind him to appear on a day when the court does not sit, it will be void. If the court in which the case is to be tried is sitting at the time when the recognizance is taken, it ought to be for the appearance of the party at the present term or session of the court; and if not in session, then for the first day of the next term thereof."

And in foot-note 58, p. 432, it is stated:

"The information may be filed at the same term during which the complaint was made. It may be filed as soon as is found convenient. *People* v. *Haley*, 48 Mich. 497. It may be filed at the same term during which the respondent was held for trial for a felony 'at the next term of the court.' *People* v. *Mason*, 63 Mich. 510."

In the last cited case, notwithstanding the respondent's motion for a continuance, the trial was had during the afternoon of the same day on which the information was filed, which was but three days after the respondent was examined by the magistrate and bound over. It was held this was not error.

In many States the rule is explicitly covered by statute, some requiring that the accused be tried at

the same term as arrested, if the court is then in session, others providing for bringing on cases by notices of trial. In Kansas the statute requires the trial to be at the present term, and the decisions have held that this must be done, even when the wording of the recognizance or of the magistrate's return is "at the next term." Where the matter is not covered by statute, the courts seem to hold that the accused may be tried at the present term. See *Allen* v. *State*, 9 Ga. 492; *Page* v. *Commonwealth*, 27 Grat. (68 Va.) 954. In the latter case it is said:

"The Code, it is true, provides that the commitment for trial, &c., 'shall be in the next term of the circuit court for such county'; but that does not prevent a trial from being had at an existing term of the court, if one be then in existence. The object of the law is to have a speedy trial of a felony, and it therefore provides that the accused shall, unless good cause be shown for a continuance, be arraigned and tried at the first term of the court to which he is remanded or sent on for trial. Code, chap. 202, secs. 1 and 2. It might be very inconvenient and injurious, as well to the accused as to the commonwealth, to delay a trial necessarily to a future term of the circuit court, when there was one in existence at which it might just as well be had."

Because of our conclusion that the terms of the judicature act providing for the 14-day notice do not apply to criminal cases, it follows that the relief here sought by relator must be denied.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, FELLOWS, and STONE, JJ., concurred.