CORSCOT, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 16, 1921—January 10, 1922.*

*Criminal law: Summary exceptions: Scope of review: Questions challenging the sufficiency of the evidence.*

1. Sec. 4720, Stats., providing that any person convicted of an offense before the circuit court may reduce to writing in a summary mode exceptions to the ruling of the court on matters of law, does not bring up the whole case for review. Exceptions—in this case to an order refusing a nonsuit, to an order denying a new trial, and to a denial of a motion in arrest of judgment,—although proper in form, which raise the question of the sufficiency of the whole evidence to

sustain a conviction, cannot be considered; nor will an exception to the charge of the court, which standing alone was correct, be considered if it involves the whole record and a recourse to all the evidence in the case.

2. Under sec. 4720, Stats., as to exceptions before sentence, there must be incorporated in the exceptions so much of the evidence or proceedings upon the trial as is relied upon to support the claim of error.

EXCEPTIONS from the superior court of Dane county: AUGUST C. HOPPMANN, Judge. *Overruled and dismissed.*

Exceptions allowed under sec. 4720, Stats. 1919, to review the ruling of the superior court of Dane county in the above entitled action.    The defendant's exceptions are: (1) to the order of the court denying his motion for a nonsuit; (2) to the order of the court overruling his motion for a new trial made upon the judge's minutes; (3) to four portions of the judge's charge set out in the exceptions; and (4) to the order of the court denying his motion in arrest of judgment for the reasons stated in said motion.

*Rufus B. Smith* of Madison and *J. M. Clancey* of Stoughton, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. F. Baker,* assistant attorney general, and oral argument by *Mr. Baker.*

VINJE, J.    Defendant's exceptions 1, 2, and 4 cannot be considered because they do not conform to the provisions and intent of sec. 4720, Stats.    That section provides:

"Any person who shall be convicted of an offense before the circuit court, being aggrieved by any opinion, direction or judgment of the court in any matter of law, may allege exceptions to such opinion, direction or judgment, which exceptions being reduced to writing in a summary mode and presented to the court at any time before the end of the term, and if found conformable to the truth of the case, shall be allowed and signed by the judge, and thereupon all further proceedings in that court shall be stayed, unless it shall clearly appear to the judge that such exceptions are friv-

olous, immaterial or intended only for delay; and in that case judgment may be entered and sentence awarded in such manner as the judge may deem reasonable notwithstanding the allowance of such exceptions."

It was not intended that such exceptions as are there mentioned and "reduced to writing in a summary mode" should bring up the whole case as is here done, especially by the first exception to the court's refusal to grant a nonsuit, by which we understand the court's refusal to discharge the defendant at the close of the state's case because of lack of proof of guilt. This is practically the only exception argued either orally or in the briefs. Exceptions 2 and 4 also rest upon an alleged lack of evidence of guilt.

The exceptions to the charge of the court conform to the statutory practice. The portions excepted to are set out in the exceptions, and from the exceptions alone, as the statute intended, we can determine their correctness. They are in this case, however, excepted to, not because they are incorrect in themselves, but because it is claimed there is no sufficient evidence of guilt to which they can apply, and hence they inferentially and erroneously informed the jury that they might convict upon the evidence before them. Such being defendant's claim, the exceptions, though proper in form, raise the question of the insufficiency of the whole evidence to sustain a conviction. This cannot be done under the statute (*State v. Clifford,* 58 Wis. 113, 16 N. W. 25) because it involves an examination of the whole record and a recourse to all the evidence in the case. Exceptions under this section do not require the settlement of a bill of exceptions or the sending up of the whole record. They do not stay proceedings in the trial court if that court deems them frivolous and sees fit to proceed.

The subject is treated so fully by Mr. Justice ORTON in *State v. Clifford,* 58 Wis. 113, 16 N. W. 25, that little need be here said except to call attention to that case and the cases therein cited, where it is held that the exception that

the verdict is against the evidence cannot be allowed, nor an exception to the sustaining of a demurrer, and that no evidence should be embraced in the exception except what is necessary to show the error.    This implies that there must be incorporated in the exceptions so much of evidence or proceedings upon the trial as is relied upon to support the claim of error.    That was not done in this case as to exceptions 1, 2, and 4, and, as has been pointed out, exception 3, though proper in form, is in each case bottomed upon a lack of evidence, and hence it cannot be considered upon the real merits urged but only upon the correctness of the charge standing alone.    So considered, each instruction is correct and the exceptions thereto must be overruled.

To permit the whole case to come up here on exception as is here attempted to be done would be to substitute exceptions for a writ of error and then if defeated to come here again upon a writ of error and argue the selfsame questions, for sec. 4723 specifically permits a writ of error in a case where exceptions have been overruled.    See, also, *State v. Law,* 150 Wis. 313, 136 N. W. 803, 137 N. W. 457, to the same effect.

It is unfortunate for the parties hereto that the merits cannot be considered, since the whole case is here and the questions have all been briefed and argued.    But the court deems the question of practice so important that the interests of the parties must yield thereto.    If the court considered the merits of the present case it ought to do so in other cases brought here in the same manner, and the result would be to subvert the statutory purpose of sec. 4720, and in fact to allow each convicted defendant two writs of error, one before sentence and one after.    Such practice cannot be tolerated.

*By the Court.*—Exception 3 is overruled, and exceptions 1, 2, and 4 are dismissed.