KING v. OTTAWA CIRCUIT JUDGE.

1. EXCEPTIONS, BILL OF — RULES APPLICABLE IN SETTLEMENT OF BILLS IN CIVIL CASES NOT APPLICABLE IN CRIMINAL CASES.
   Circuit Court Rule No. 66 and the statutes as revised in the judicature act have no application to the settlement of bills of exception in criminal cases, but the applicable statute is 3 Comp. Laws 1915, § 15837.

2. SAME — TRIAL JUDGE MAY GRANT REASONABLE EXTENSION OF TIME IN CRIMINAL CASE.
   The provision in 3 Comp. Laws 1915, § 15837, for the

presentation to the trial judge of a bill of exceptions in a criminal case before the end of the term is not mandatory, but the party seeking a review must proceed with diligence, and where the bill cannot be prepared and presented for settlement during the term the judge may grant such further time as is reasonable and necessary.

3. SAME—WHETHER DELAY UNREASONABLE WITHIN DISCRETION OF COURT—ABUSE OF DISCRETION.

Where the trial judge, on November 14th, granted an extension of 60 days' time in which to settle a bill of exceptions in a criminal case, and no further extensions were applied for or granted, whether there was an unreasonable delay in not presenting the bill for settlement until March 17th following was within the discretion of the court, and his refusal to sign cannot be said to be an abuse of discretion under the circumstances.

Mandamus by Henrietta King to compel Orien S. Cross, circuit judge of Ottawa county, to sign a proposed bill of exceptions. Submitted September 16, 1924. (Calendar No. 31,531.) Writ denied October 30, 1924. Rehearing denied December 31, 1924.

*Charles E. Misner,* for plaintiff.

*Fred T. Miles,* Prosecuting Attorney, for defendant.

McDONALD, J. The plaintiff seeks a writ of mandamus to compel the defendant to sign a proposed bill of exceptions. On the 14th day of November, 1923, she was convicted of violation of the prohibitory liquor law. On the same day an order was entered by the circuit judge granting an extension of 60 days' time in which to settle a bill of exceptions. No further extensions were applied for or granted. On the 17th of March, 1924, the proposed bill of exceptions was presented to the defendant for settlement. He de-

clined to sign it, giving his reasons therefor, in writing, as follows:

"In this cause the bill of exceptions was not submitted for signature within the time allowed by the order, and because of the unreasonable delay in presenting the same for signature, the bill of exceptions will not be signed."

There is some dispute as to the facts, but the return of the circuit judge, which must be taken as true, shows that the proposed bill of exceptions was not presented for settlement during the 60-day stay period, that it was first submitted to him on the 17th day of March, 1924, that no application was made for an extension beyond 60 days and none was granted.

Counsel is in error as to the proper practice to be followed in preparing a criminal case for review by this court. The rules announced in *Walker* v. *Wayne Circuit Judge*, 226 Mich. 393, are not applicable. Circuit Court Rule No. 66 and the statutes as revised in the judicature act have no application to the settlement of bills of exceptions in criminal cases. They apply only to civil practice and procedure. *Haselhuhn* v. *Macomb Circuit Judge*, 202 Mich. 507.

In criminal cases the settlement of bills of exceptions is authorized by section 15837, 3 Comp. Laws 1915.

"Any person who shall be convicted of any offense before any court of record, considering himself aggrieved by any opinion, direction, or judgment of the court in any matter of law, may allege exceptions to such opinion, direction or judgment, which exceptions being reduced to writing in a summary mode, and presented to the judge before whom the case was tried before the end of the term, and if found conformable to the truth of the case, shall be allowed and signed by the judge, and by him filed with the clerk of his court, and within ten days thereafter it shall be the duty of such clerk to make return of said exceptions and the records of the cause to the clerk of the

Supreme Court: *Provided,* That in all cases taken to the Supreme Court under this statute the respondent shall make and file with the clerk of the Supreme Court within five days after the return of the record to said court a statement of the errors upon which he intends to rely, and within the same time he shall serve upon the attorney general a copy of such alleged errors."

The provision of this statute which requires the bill to be signed during the term in which the trial was had is not mandatory. The party seeking a review must proceed with diligence, but where the bill cannot be prepared and presented for settlement during the term, the court may grant such further time as is reasonable and necessary. See *Crofoot* v. *People,* 19 Mich. 254; *People* v. *West,* 143 Mich. 586.

In the instant case the court had jurisdiction to settle and sign the bill of exceptions at the time it was presented. Whether there had been unreasonable delay was a matter addressed to his discretion. He exercised it against the defendant. There is nothing in the record indicating an abuse of discretion.

The writ is denied.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.