STATE, Plaintiff, vs. SMITH, Defendant.

*May 10—October 16, 1924.*

*Intoxicating liquors: Statutes: Interpretation: Possession as an offense: Moonshine as "privately manufactured distilled liquor:" Search warrant on information and belief: Trial by court in criminal cases: Jurisdiction.*

1. Statutes are to be interpreted in accordance with their plain and obvious meaning and to carry out the clearly expressed legislative intent.  p. 668.
2. The provisions of sec. 165.01, Stats. 1923, make it an offense for a person not licensed to sell non-intoxicating beverages to have in his possession privately manufactured distilled intoxicating liquor.  p. 668.
3. Moonshine whisky of sufficient alcoholic content to be intoxicating is "privately manufactured distilled liquor," possession of which is prohibited by sub. (32) (d), sec. 165.01, Stats.  p. 668.
4. Where, on the report of a case to this court under sec. 4721, Stats., on a question as to the validity of a search warrant, a stipulation as to docket entries by the justice of the peace who issued the warrant was inconsistent with recitals in the record made before the circuit court, such question will not be answered. [The question whether a search warrant issued on information and belief is valid is not answered, but *State v. Baltes,* 183 Wis. 545, is referred to.]  p. 669.

5. Under sec. 7, art. I, Const., the circuit court is without juris-
diction to try a criminal case without a jury, although de-
fendant in open court waived a trial by jury and requested a
trial by the court without a jury, sec. 5 of art. I being appli-
cable only to civil cases.  p. 669.

REPORTED from the circuit court for Fond du Lac
county: CHESTER A. FOWLER, Circuit Judge.  Questions 1
and 2 each answered Yes; the fourth, No; and the third is
not answered.

Defendant below was charged in the municipal court of
Fond du Lac county with having in his possession unlaw-
fully privately manufactured distilled intoxicating liquor in
said county on May 3, 1923, and for then and there selling
and dealing in intoxicating liquor.

After preliminary hearing he was bound over for trial
to the circuit court.

In the circuit court a similar information was filed, de-
fendant pleaded not guilty and requested that the case be
tried upon the record, including the testimony as made in
and returned by said municipal court.  He further and in
open court expressly waived a jury trial and requested and
consented to a trial by the court.

Certain intoxicating liquor had been found on his prem-
ises when examined by the officers under a form of search
warrant.  Prior to trial defendant moved the court to re-
quire its return to him and to suppress its use as evidence
on the ground that the search warrant was illegal and de-
fective and in violation of his constitutional privilege.  He
presented the same objection on the trial.  It appears with-
out dispute that at the time in question defendant did not
have a license to sell non-intoxicating beverages.

He was found guilty, and then upon his request and con-
sent the circuit court reports here for decision under sec.
4721, Stats., four questions, stated below.

For the plaintiff there was a brief by the *Attorney Gen-
eral, J. E. Messerschmidt,* assistant attorney general, and

*James Murray,* district attorney of Fond du Lac county, and oral argument by *Mr. Murray* and *Mr. Messerschmidt.*

For the defendant there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *M. K. Reilly.*

Per Curiam.    First question: Does the provision of the state prohibition law next herein quoted make it an offense for a person not licensed to sell non-intoxicating beverages to have in his possession privately manufactured distilled intoxicating liquor?

The material parts of this statute are as follows: ·

"There shall be no property rights in any liquor unlawfully possessed, . . . and all such liquors . . . are contraband subject to seizure, sale, or other disposition by the commissioner. . . . The possession of any privately manufactured distilled liquors without such permit [*i. e.* as provided in the National Prohibition Act] is hereby prohibited, and the possession of any such . . . liquor shall be *prima facie* evidence of unlawful manufacture of liquor."    Sub. (32) (d), sec. 165.01.

The question now presented is whether it is intended by this particular subsection to make the act of having in one's possession privately manufactured distilled liquor, whether manufactured by such person or not, a distinct offense.    It is argued that because the prohibition is contained in a section of the statute which declares that no property rights may be had in liquor unlawfully possessed and that the possession of privately manufactured distilled liquor shall be *prima facie* evidence of unlawful manufacture of liquor, indicates a legislative intent that the mere possession thereof shall not be deemed a separate and distinct offense.

In *Bastle v. State,* 181 Wis. 164, 194 N. W. 29, it is pointed out that sub. (3), sec. 165.01, of this same chapter prohibits three things, viz.: the manufacture, the sale, or the transportation of intoxicating liquors; and by the provision under which the prosecution in that case was had, viz. sub. (30), regulating the licensed premises for the sale

and consumption of non-intoxicating liquors, it is expressly
provided: "No such person [*i. e.* one having a license] shall
have in his possession on or about said premises any intoxi-
cating liquor." That case also determined that a conviction
under a charge of having, while so licensed to sell non-
intoxicating liquors, unlawful possession of intoxicating
liquors, the proof showing prior revocation of such license,
could not be supported by relying upon the provision now
before us, viz. sub. (32) (d), *supra.*

The precise question here involved was not, however,
presented in the *Bastle Case, supra,* nor in the case of
*Winkler v. State, ante,* p. 383, 199 N. W. 457, which passed
upon the questions arising under sub. (3) and (30), *supra.*

In *State v. Nelson,* 177 Wis. 84, 187 N. W. 744, the term
"manufacture" in said sub. (3), *supra,* was held to make
unlawful the making in the home, for consumption there,
wine with an excessive alcoholic content. Referring now
to the language quoted from sub. (32), "the possession of
any privately manufactured distilled liquors without such
permit is hereby prohibited," the question is, Does such
language create an offense? The word "offense" is very
frequently used in the law of this state relating to crimes.
Crimes are described as offenses against the lives and per-
sons of individuals; offenses against property; offenses
against public justice; offenses against public policy, etc.
In *State ex rel. Erickson v. West,* 42 Minn. 147, 43 N. W.
845, it is said:

"The terms 'crime,' 'offense,' and 'criminal offense' are
all synonymous, and are ordinarily used interchangeably,
and include any breach of law established for the protection
of the public as distinguished from an infringement of mere
private rights, for which a penalty is imposed or punishment
inflicted in any judicial proceeding."

By sub. (32) (a) of sec. 165.01 it is provided:

"Any person violating any of the provisions of this chap-
ter for which a specific penalty is not prescribed, shall for

the first offense be fined in addition to the costs of the action not less than one hundred nor more than one thousand dollars. . . ."

It can scarcely be argued that any person who has in his possession privately manufactured distilled liquor, without a lawful permit, is not doing something which the statute prohibits and therefore in violation of its terms. To hold that because the prohibition is contained in the section which relates to other matters a violation of its terms does not constitute an offense, is to take something out of the statute that the legislature has inserted in plain language. Statutes are to be interpreted in accordance with their plain and obvious meaning and to carry out the clearly expressed legislative intent. *Cunard S. Co. v. Mellon,* 262 U. S. 100, 43 Sup. Ct. 504, 67 Lawy. Ed. 894. See, generally, note and cases cited, 26 A. L. R. 668, under title *"c. Possession."*

We therefore conclude that question number 1 should be answered "Yes."

Second question:

"Is 'moonshine whisky' of alcoholic content such as to be intoxicating under the statutory definition 'privately manufactured distilled intoxicating liquor'?"

This is answered Yes: We do not deem it requiring discussion. The authorities so hold. *State v. Harris,* 106 Oreg. 211, 211 Pac. 944; *State v. Critzer,* 122 Wash. 88, 209 Pac. 1081. This court long ago indicated the extent to which judicial notice will be taken as to intoxicants. *Briffitt v. State,* 58 Wis. 39, 44, 16 N. W. 39. We find nothing in subsequent statute or decision which narrows that which was there declared to be within the domain of judicial notice.

Third question:

"Is a search warrant issued upon an affidavit made 'upon information and belief' valid?"

The record before us as to this question is in such con-

dition that we shall not pass upon it. A stipulation is returned here as to the docket entries by the justice of the peace by whom the warrant was issued, inconsistent with or contradicting certain recitals in the record as made before the circuit court. We do not in this form of proceedings, any more than in passing upon the exceptions provided for in sec. 4720, Stats., examine the whole record or consider such questions of fact. *Corscot v. State,* 176 Wis. 103, 186 N. W. 179. This third question, therefore, is not here answered. The same subject matter has, however, just been passed upon by this court in *State v. Baltes,* 183 Wis. 545, 198 N. W. 282.

Fourth question:

"Has the circuit court jurisdiction to impose sentence in a criminal case upon a finding of guilty by the trial judge where the defendant has in open court waived trial by a jury and consented to and requested a trial by the court without a jury?"

We are constrained to answer this question upon the constitution of this state and prior decisions of this court, No.

Sec. 5, art. I, Const., preserves inviolate the right to jury trial in all cases at law, and expressly provides: "but a jury trial may be waived by the parties in all cases, in the manner prescribed by law," and as amended in 1922 authorizes legislation permitting a valid verdict by five sixths of such jury. This guaranty, however, is to civil, not criminal cases. *Bennett v. State,* 57 Wis. 69, 74, 14 N. W. 912.

The trial by jury in criminal cases is secured by sec. 7 of art. I, Const. This section contains no similar provision to that in sec. 5, *supra,* for a waiver of jury trial. Said sec. 7 provides:

"In all criminal prosecutions the accused shall enjoy the right . . . to a speedy public trial by an impartial jury of the county or district wherein the offense shall have been committed."

The question now under consideration was substantially and squarely presented and answered as we now answer it in *State v. Lockwood,* 43 Wis. 403. This case, decided in 1877, was a prosecution for a misdemeanor, a plea of not guilty, and a waiver by defendant, in open court, of a jury trial. After conviction upon trial by the circuit court a question was certified to this court concerning the information. The case was presented for the State alone, but nevertheless this court declared that it would not consider the question so certified there, because of the record disclosing the want of a verdict by a jury. The opinion by Mr. Chief Justice RYAN stated that such right, upon a principle of public policy, cannot be waived either as to misdemeanors or felonies. The case has not been overruled though often discussed and sometimes somewhat questioned. In 1908 this court held in *Jennings v. State,* 134 Wis. 307, 114 N. W. 492, 14 L. R. A. N. s. 862, an abandonment prosecution, where the defendant consented in open court during the trial to have it submitted to but eleven of the twelve jurors who had been hearing it, that a verdict of guilty by such eleven was not sufficient, in the absence of legislative direction to that effect, to support a conviction. This ruling was based upon the *Lockwood Case, supra,* and *In re Staff,* 63 Wis. 285, 23 N. W. 587. The latter case was *habeas corpus* to review a conviction and sentence to the state prison. The trial was by the municipal court of Rock county, the defendant having expressly waived a jury. The statute creating such court provided that a jury trial in certain criminal cases may be waived by the accused. It was then held that the public policy embodied in such an act by the legislature did not contravene the provision above quoted from sec. 7, art. I, Const., and that the waiver was binding.

In *Okershauser v. State,* 136 Wis. 111, 116 N. W. 769, it was declared that the rule in the *Jennings Case, supra,* should not be extended (p. 113) and that defendant might

waive, by his conduct in not objecting thereto, the disqualification of a juror.

Three years after the decision in *Jennings v. State,* '134 Wis. 307, 114 N. W. 492, *supra,* by ch. 348, Laws of 1911, sec. 4687, Stats., which had for many years provided that issues of fact in criminal causes should be tried by a jury drawn and returned as in civil causes, was amended to read as it still does:

"Issues of fact joined upon any indictment or information may be tried by a jury of less than twelve men whenever the accused in writing, or by consent in open court, entered in the minutes, waives a trial by a jury of twelve men. . . ."

It must be noted here that though both subjects, viz. of waiver of any jury trial with consequent trial by the court and of a trial with a jury of less than twelve, had been fully discussed in the cases above cited, yet the legislature in 1911 go no further in changing the then existing and declared rule than to permit the limited waiver that there may be less than the complete panel of twelve.

We deem this significant because of the fact that the situation in the municipal court of Rock county where the statute permitted trial by the court without any jury, presented in the *Staff Case, supra,* and that by ch. 45, Laws of 1895, a similar waiver of jury, except in murder cases, was permitted in the municipal court of Milwaukee county, were undoubtedly known to the legislature and such situation probably prompted the amendment then made.

Under the federal constitution it has been held that for infamous crimes there can be no waiver of a trial by a common-law jury of twelve. So held in *Freeman v. U. S.* 227 Fed. 732, where will be found a very complete citation and discussion of many cases. In *Low v. U. S.* 169 Fed. 86, it was said that under the federal law there is no jurisdiction vested by the federal constitution or statutes in the

judge to determine that which it is the province of the jury to determine.

The Missouri court, whose decisions were cited in the *Lockwood Case,* has repeatedly held that as to felonies there can be no waiver of the constitutional right to jury trial by consent to proceed with a trial with less than twelve. *State v. Sanders* (Mo.) 243 S. W. 771.

In Ohio, however, after a review of many cases, it was held that a defendant might be bound by his consent to a trial by less than twelve. *State ex rel. Warner v. Baer,* 103 Ohio St. 585, 134 N. E. 786.

We are not unmindful that many of the safeguards of the individual found in this same sec. 7, art. I, Const., and apparently as impregnable as is the one here of jury trial, have been recognized by this court and the authorities elsewhere as proper subjects of waiver. The sentence upon a plea of guilty is in effect at least based upon a waiver of jury trial. His right to appear may be waived by his absenting himself at an adjourned hearing of the trial. *Tandy v. State,* 94 Wis. 498, 69 N. W. 160. The granting of his application for a change of venue is a waiver of his right to trial in the county where the offense was committed (*Oborn v. State,* 143 Wis. 249, 257, 126 N. W. 737) ; that same case also giving to the doctrine of waiver in criminal cases (p. 259) as broad an effect as in civil cases, and there citing many illustrations, but carefully excluding the instance of the trial by twelve jurors in a capital case. Arraignment and plea, the same. *Hack v. State,* 141 Wis. 346, 352, 353, 124 N. W. 492. Also the right to meet his witnesses face to face by the taking of a deposition. *Smith v. State,* 145 Wis. 612, 614, 130 N. W. 461.

This being, therefore, more properly within the field of legislative than judicial declarations of public policy, in view of our former holdings and the very guarded changes made by the legislature heretofore on the subject after attention to the situation having been so repeatedly called by

our former decisions, we deem it better to now and again hold that, until the legislative action so authorizes it, mere consent to or request of the circuit court that the court take over and assume the duty to try the facts in a criminal action pending in the court, whether felony or misdemeanor; does not and cannot confer jurisdiction on the circuit court to impose conviction or sentence.

*By the Court.*—The first question is answered Yes; the second Yes; the fourth No; and the third is unanswered.