STATE, Appellant, vs. SLOWE, Respondent.

*January 13—February 7, 1939.*

The cause was submitted for the appellant on the brief of the *Attorney General, A. H. Smith,* counsel for the Wisconsin Conservation Department, and *F. W. Horne,* district attorney of Forest county, and for the respondent on the brief of *Edward W. Schenk* of Wabeno.

FOWLER, J. This is a prosecution for violation of the game statutes by killing a deer out of season. The violation involved constituted a misdemeanor, as distinguished from a felony. The defendant was tried in justice court. He demanded a jury trial therein. His demand was denied. The justice found him guilty and sentenced him. The defendant appealed to the circuit court. He there demanded a jury trial also. It was again denied him, and upon trial to the court the defendant was again found guilty and sentenced. The defendant then moved in arrest of judgment on the ground that the refusal of his demand for a jury trial denied him his "constitutional and statutory right" of trial by a jury. On hearing of the motion the court entered an order in terms as follows:

"Ordered, that the said judgment herein be and the same is hereby arrested and held in abeyance for the reasons set forth in said motion."

From this order the state appeals, pursuant to secs. 358.13 and 358.12 (5), Stats.

It would be sufficient to say as ground for disposition of the case that a motion in arrest of judgment lies only after verdict and before judgment. Such was the rule at common law. 2 Bishop, Crim. Proc. § 1282, par. 3; id. § 1284. At common law, after judgment, the accused secured review of errors appearing of record by writ of error. Id. § 1366; and this, generally speaking, was the only method of securing it. Id. § 1367, although there were concurrent remedies in some cases. Id. §§ 1369, 1370; and *habeas corpus* lay in cases of

imprisonment under void sentences. If motion in arrest of judgment does not lie at common law it does not lie under the code. Ch. 358 (sec. 358.01 *et seq.,* Stats.) of the criminal code extends the common-law methods of securing review, and affords the accused remedial rights ample for his protection, and a defendant must resort to remedies given either by the common law or by statute. In *Miller v. State,* 139 Wis. 57, 94, 119 N. W. 850, it is said respecting the motion in arrest of judgment:

"We have no such thing under the code as a motion in arrest of judgment, in the technical sense with the common-law procedure and limitations appertaining thereto. We have the motion in arrest of judgment, so called, for the purpose of challenging the right to hold the accused notwithstanding the conviction upon grounds common to the ancient motion and also merely staying the execution of the judgment to admit of a convicted person having some remedy or taking some proceeding to save his rights in any proper way. But the whole matter is referable to the code and the rules of court and the unwritten law based thereon."

The opinion might properly stop here, but in view of the palpable errors in denying a jury trial here involved it is not improper to go further. The defendant demanded a jury trial in justice court. Ch. 360, Stats., governs criminal procedure in that court. Sec. 360.10 provides:

"If the plea of the accused be not guilty and no jury be demanded by him the court shall proceed to try such issue, and to determine the same according to the evidence which may be produced against and in behalf of such accused."

This implies that if a jury be demanded, a jury trial must be granted. This statute has been carried down in its present form from sec. 8, ch. 89, Stats. 1849. It would seem that by this time even justices of the peace, to say nothing of prosecuting officers, should know about it and heed it.

As to defendant's right to a jury trial in the circuit court after the defendant had appealed to that court, the defendant's statutory right to a jury trial is equally plain. The defendant does not have to go to the constitution for protection of that right. The provision in sec. 357.01, Stats., respecting trial without a jury was enacted by ch. 348, Laws of 1911, by amendment to sec. 4687, Stats. 1898. The section was again amended by ch. 124, Laws of 1925. The language of the statute as amended in 1911 and that of the present statute appear from the following: (The italicized words indicate the words inserted; the words with a line drawn through them indicate the words stricken.)

"Issues of fact joined upon any *complaint,* indictment or information may be tried *by the court without a jury or* by a jury of less than twelve men whenever the accused in writing, **or by** *statement* ~~consent~~ in open court, entered in the minutes, ~~waives a trial by a jury of twelve men~~ *consents thereto.* When there is no such ~~waiver~~ *consent* such issue shall be tried by a jury drawn and returned in the manner prescribed by law for the trial of issues of fact in civil causes."

Thus the word "complaint" was added to "indictment or information." Having been so inserted it must be taken as meaning what it says and given effect accordingly. Misdemeanors are commonly prosecuted upon complaint, although they may be prosecuted by indictment or information.

It is urged by the state that the amendment of 1925 was passed to change the rule of *State v. Smith,* 184 Wis. 664, 200 N. W. 638. This is true. But reference to that case shows that the section cited must apply to misdemeanors, for Smith was charged with a misdemeanor, viz., having in possession privately manufactured distilled liquor without a permit, the penalty for which was not less than $100 or more than $1,000, or imprisonment in the county jail not less than one month or more than six months. Sec. 165.01 (32) (a), (d), Stats. 1923.

The defendant's statutory rights having been violated by denying him a jury trial, it is not necessary for his protection to pass upon his claim that his constitutional rights have also been violated. But the proposition is within the issues of the case, the parties have briefed the point, and it is not improper to consider it.

The constitutional provision is "in all criminal prosecutions the accused shall enjoy the right . . . to a speedy public trial by an impartial jury." Sec. 7, art. I. The state contends that misdemeanors are not crimes, within the meaning of this provision, and therefore the provision does not apply. This is probably so in some jurisdictions, under the language of the constitutions therein existing. In others it is not so under the constitutions obtaining. The point has been decided against the state's contention by this court. In the opinion in the *Smith Case, supra,* it is said (p. 667) :

"Crimes are described as offenses against the lives and persons of individuals; offenses against property; offenses against public justice; offenses against public policy, etc." Citing *State ex rel. Erickson v. West,* 42 Minn. 147, 43 N. W. 845, and quoting therefrom :

" 'The terms "crime," "offense," and "criminal offense" are all synonymous, and are ordinarly used interchangeably, and include any breach of law established for the protection of the public as distinguished from an infringement of mere private rights, for which a penalty is imposed or punishment inflicted in any judicial proceeding.' "

It is also said on page 668 :

"It can scarcely be argued that any person who has in his possession privately manufactured distilled liquor, without a lawful permit, is not doing something which the statute prohibits."

Sub. (d) of sec. 165.01 (32), Stats. 1923, provided :

". . . The possession of any privately manufactured distilled liquors without such permit is hereby prohibited. . . ."

So of killing deer out of season.

This has been the view of the court since *State v. Lockwood* (1877), 43 Wis. 403, 405. It is there said in an opinion by Chief Justice RYAN:

"A plea of not guilty to an information or indictment for crime, whether felony or misdemeanor, puts the accused upon the country, and can be tried by a jury only. The rule is universal as to felonies; not quite so as to misdemeanors. But the current of authority appears to apply it to both classes of crime; and this court holds that to be safer and better alike in principle and practice. The right of trial by jury, upon information or indictment for crime, is secured by the constitution, upon a principle of public policy, and cannot be waived."

The case of *In re Staff*, 63 Wis. 285, 23 N. W. 587, modified the ruling as to waiver, by holding that the right to waive could be conferred by statute, because the legislature may declare public policy, but expressed approval of the doctrine that the constitution covered misdemeanors as well as felonies. And in *State v. Smith, supra*, the court adhered to the rule of the *Lockwood Case* in its entirety, there having been no statute up to that time authorizing waiver of a trial to a jury except to a jury of less than twelve. As the defendant in this case did not waive, but expressly demanded a jury trial, his constitutional rights were violated.

The order of the circuit court should be reversed, and the record remanded with directions to vacate the order appealed from and enter an order denying the motion in arrest of judgment. This will leave the judgment and sentence of the court unaffected by the motion.

*By the Court.*—The order of the circuit court is reversed, with directions as indicated in the opinion.