COURT OF APPEALS
DECISION
DATED AND FILED

March 18, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1966**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV8619

IN COURT OF APPEALS
DISTRICT I

KATINA PAPANASTASIOU, MARGARET ZINOVIS, VICTORIA MARAKIS AND GEORGIA PORFORIS,

PLAINTIFFS-RESPONDENTS,

V.

JUDY SEBASTIAN,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM SOSNAY, Judge. *Affirmed in part; reversed in part and cause remanded with directions.*

Before White, C.J., Colón, P.J., and Geenen, J.

¶1 WHITE, C.J. Judy Sebastian appeals the circuit court order permanently enjoining her from disinterring her late husband, Nick Kokalis, from

his burial place in Milwaukee; granting summary judgment in favor of Nick's sisters: Katina Papanastasiou, Margaret Zinovis, Victoria Marakis, and Georgia Porforis; and denying summary judgment to Judy. Judy argues that the court erroneously interpreted the requirements of WIS. STAT. § 69.18(4) (2023-24)[1] and that she complied with the statutory requirements to be allowed to disinter and reinter Nick's remains at a cemetery in Oconomowoc. We conclude that the court correctly determined Judy's disinterment permit was invalid; therefore, denying summary judgment to her was proper and we affirm that part of the order. However, the court erred when it claimed authority over any potential disinterment. We reverse the remainder of the order, vacate the permanent injunction, and remand with directions to dismiss the action.

## BACKGROUND

¶2      We recite from the undisputed facts alleged in the parties' pleadings. Nick and Judy were married on September 17, 1966, when he was 21 years old and she was 17 years old. Nick, who was serving in the United States Army, deployed to Vietnam in February 1967. Shortly before deploying, Nick visited his parents and notified them about his marriage to Judy. He was killed in action in Vietnam on October 28, 1967. Judy then purchased burial plots for herself and Nick in Pinelawn Memorial Park in Milwaukee and she arranged Nick's military funeral and burial there on November 6, 1967. Nick's parents also purchased burial plots in Pinelawn and were buried there after their deaths. Judy married Don Sebastian on November 14, 1970.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶3     Beginning in September 2023, Don and Judy communicated by telephone and in writing with Nick's sisters and extended family about Judy's plan to disinter Nick's remains from Pinelawn and reinter him at LaBelle Cemetery in Oconomowoc, near burial plots reserved for Don and Judy.  Nick's sisters notified Pinelawn and LaBelle that they objected to the proposed disinterment.  The Milwaukee County Medical Examiner's office issued a disinterment permit on October 16, 2023, for Judy to disinter, remove, transport, and rebury Nick's remains.  Pinelawn wrote to both Judy and Nick's sisters and stated that it preferred for the family to resolve the disagreement amicably; however, it stated that it would abide by an adjudication or order of the court.

¶4     On November 13, 2023, Nick's sisters filed the complaint underlying this appeal, asserting two claims.  First, they sought a judicial determination under WIS. STAT. § 806.04 to prohibit Judy from disinterring Nick's remains, arguing that any disinterment would violate Nick's sisters' rights.  Second, they sought a temporary and permanent injunction preventing the disinterment of Nick's remains.  Judy answered the complaint and filed a counterclaim for a declaratory judgment that her application and permit for the disinterment and reinterment be ordered.[2]

¶5     Judy moved for summary judgment and Nick's sisters responded with their own motion for summary judgment.  After a hearing, the circuit court concluded in a written decision that a defect in Judy's application for a disinterment permit rendered it invalid.  The court then reviewed the case for a

---

[2] Judy also filed a third-party complaint against Pinelawn to compel its participation in this disinterment adjudication.  However, the parties stipulated dismissal of Pinelawn as a party when it agreed to be bound by the court's order.

discretionary permit by the court and ultimately concluded against a court order for disinterment. The court finally permanently enjoined Judy from applying for a permit to disinter Nick's remains. Judy now appeals.

## DISCUSSION

¶6 Judy argues that she complied with the statutory procedure under WIS. STAT. § 69.18(4) to disinter and reinter Nick's remains. She contends that the circuit court erred when it denied her summary judgment motion while granting summary judgment in favor of Nick's sisters. She also asserts that the court erred when it permanently enjoined her from applying to move Nick's remains.

¶7 We review the circuit court's decision to order declaratory judgment under WIS. STAT. § 806.04 for an erroneous exercise of discretion. *Milwaukee Dist. Council 48 v. Milwaukee Cnty.*, 2001 WI 65, ¶36, 244 Wis. 2d 333, 627 N.W.2d 866. We independently review an order granting summary judgment, applying the same methodology as the circuit court. *Stroede v. Society Ins.*, 2021 WI 43, ¶9, 397 Wis. 2d 17, 959 N.W.2d 305.

¶8 To resolve this issue, we must interpret the disinterment and reinterment statute, WIS. STAT. § 69.18(4). The statute provides:

> Subject to [WIS. STAT. §] 157.111, the coroner or medical examiner of the county in which a decedent's corpse is interred shall issue an authorization for disinterment and reinterment upon receipt of an order of a court of competent jurisdiction or upon receipt of a written application for disinterment and reinterment signed by the person in charge of the disinterment and by any of the following persons, in order of priority stated, when persons in prior classes are not available at the time of application, and in the absence of actual notice of contrary indications by the decedent or actual notice of opposition by a member of the same or a prior class:

1g. An individual specified under s. 154.30(2)(b).

1m. The decedent's spouse.

2. An adult son or daughter of the decedent.

3. Either parent of the decedent.

4. An adult brother or sister of the decedent.

5. A guardian of the person of the decedent at the time of the decedent's death.

6. Any other person authorized or under obligation to dispose of the decedent's corpse.

Sec. 69.18(4)(a).

¶9    The interpretation of a statute is a question of law that we review independently. *Milwaukee Police Ass'n v. Hegerty*, 2005 WI 28, ¶11, 279 Wis. 2d 150, 693 N.W.2d 738. The purpose of statutory interpretation is to "determine what the statute means so that it may be given its full, proper, and intended effect." *Clean Wis., Inc. v. DNR*, 2021 WI 71, ¶15, 398 Wis. 2d 386, 961 N.W.2d 346 (quoting *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110). "[S]tatutory interpretation begins and is usually complete only after a full consideration of all relevant intrinsic sources"—that is, the text, context, and structure of the statute. *Service Emps. Int'l Union Healthcare Wis. v. Wisconsin Emp. Rels. Comm'n*, 2025 WI 29, ¶¶10, 12, 416 Wis. 2d 688, 22 N.W.3d 876.

¶10    The circuit court concluded that Judy's disinterment application was incomplete because it did not contain a signature from a representative of Pinelawn. Judy argues that the signature of the funeral director who would then arrange the transport and reinterment of Nick's remains was statutorily sufficient. In reaching its conclusion, the court followed the reasoning of a persuasive but not

binding decision of this court discussing the construction of "the person in charge of the disinterment[.]" *See* ***Greenblatt v. Gurda***, No. 2008AP1998, unpublished slip op (WI App Aug. 19, 2009).[3]

¶11 In ***Greenblatt***, two siblings sought a disinterment permit to move their deceased brother's remains to the cemetery where their mother was buried. *Id.*, ¶4. The decedent's longtime girlfriend and personal representative of the estate objected that the decedent was already buried in accordance with his wishes. *Id.*, ¶¶5-6. The circuit court found that the deceased clearly intended his burial plans, his girlfriend was placed in charge of the arrangements, and that the decedent's sister participated in the funeral and burial arrangements, giving her actual knowledge of the decedent's contrary intentions to the siblings' disinterment plan. *Id.*, ¶7. On appeal, this court concluded that the disinterment permit was invalid because it was not signed by a representative of the memorial park where the decedent was interred. *Id.*, ¶13. Interpreting the language of the statute, we concluded that "[t]he person in charge of disinterment is the cemetery official charged with approving disinterment." *Id.*, ¶12 n.7.[4]

¶12 We reach the same interpretation today. To discern what it means to give the statute "its full, proper, and intended effect," ***Clean Wis., Inc.***, 398 Wis. 2d 386, ¶15, we look at the "broader statutory context" and we interpret "language consistently with how it is used in closely related statutes," ***Sojenhomer***

---

[3] Our citation to ***Greenblatt v. Gurda***, No. 2008AP1998, unpublished slip op (WI App Aug. 19, 2009) complies with WIS. STAT. RULE 809.23(3)(b). It is an unpublished opinion issued after July 1, 2009, that is authored by a member of a three-judge panel, and it is cited for its persuasive value.

[4] Although not relevant to this matter, we also concluded that laches barred the siblings from asserting a claim to move their brother's remains. ***Greenblatt***, No. 2008AP1998, ¶18.

*LLC v. Village of Egg Harbor*, 2024 WI 25, ¶11, 412 Wis. 2d 244, 7 N.W.3d 455. WISCONSIN STAT. § 69.18(4) states that the disinterment permit process is "subject to [WIS. STAT. §] 157.111," which provides that "[i]f a grave … is located in a cemetery owned or operated by a cemetery authority, only the cemetery authority or a person designated by the cemetery authority may open or close the grave[.]" Disinterment requires that the grave holding the decedent's remains must be opened. Applying the "common, ordinary, and accepted meaning" to the statutory language, § 157.111 requires a cemetery authority to open and close graves, or oversee delegating this action. *See **Kalal***, 271 Wis. 2d 633, ¶45. Therefore, it is only with action by a cemetery authority that a decedent's remains within a cemetery could be disinterred and reinterred. Accordingly, we construe that "the person in charge of the disinterment" in § 69.18(4) is a representative of the cemetery authority who effectuates opening and closing the burial place of a decedent, as prescribed in § 157.111.

¶13 The record reflects that Judy completed a disinterment application form that required her signature with her priority class marked and had space for the "Signature of Funeral Director, if applicable." Judy argues that the funeral director's signature should satisfy the statutory requirement for a signature from the person in charge of disinterment. We disagree. WISCONSIN STAT. § 69.18(4)(a) was amended by 1989 Wis. Act 307 and 1993 Wis. Act 386. Prior to the amendments, the statute required the signature of the "*funeral director* in charge of disinterment," not the *person* in charge of disinterment (emphasis added). However, the earlier version of the statute was not subject to WIS. STAT. § 157.111, which was created by 1993 Wis. Act 386. Therefore, reading the amendments together, the legislature created requirements that a burial place may only be opened and closed by the cemetery authority in charge of that cemetery,

and it also made the disinterment statute subject to those requirements. Accordingly, having a signature from a funeral director rather than the cemetery authority no longer makes sense under the statutes, nor does it comply with the plain meaning of the statutory language.

¶14  Applying the statutory requirements for a disinterment permit, we conclude that Judy's application was incomplete. Her application form had the funeral director's signature; however, the cemetery authority over Pinelawn did not sign. As a result, the incomplete application was defective and did not satisfy WIS. STAT. § 69.18(4). Accordingly, the disinterment permit approved and issued by the Milwaukee County Medical Examiner was invalid.

¶15  We observe that the disinterment application form that Judy submitted does not have a place for a signature of the person in charge of disinterment or a cemetery official. Although the form itself does not request information required under WIS. STAT. § 69.18(4), we cannot excuse Judy's application for the form's failures. The application form was presumably provided by the Milwaukee County Medical Examiner's Office, which issued the disinterment permit on October 16, 2023. We urge the Milwaukee County Medical Examiner to review the forms offered to the public and ensure compliance with statutory requirements.[5]

---

[5] We note that Judy submitted blank copies of a generic state disinterment form and a Waukesha County Medical Examiner's Office disinterment form. Both forms label the "signature of cemetery official approving disinterment process" as "required." Both forms have space to list the name of funeral home and funeral director "if applicable," and the space for a "signature of funeral director" is labeled "not required." These forms clearly direct an applicant to collect the information required by statute to apply and receive for a disinterment permit. Comparing these forms with the Milwaukee County form, we suggest all counties review their forms and policies to ensure statutory compliance.

¶16 To the extent that Judy's summary judgment motion was premised on her having a valid disinterment permit that the circuit court incorrectly found invalid, we conclude that she was not entitled to judgment as a matter of law and we affirm the order denying her summary judgment. *See* WIS. STAT. § 802.08(2) (stating that summary judgment shall be granted where the record demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

¶17 After denying Judy summary judgment, the circuit court concluded that "[a]bsent a valid permit for disinterment, the circuit court is the ultimate authority on whether a human's remains may be disinterred and reinterred" under WIS. STAT. § 69.18(4). The court then proceeded to analyze the case on the other legal path to a disinterment permit, eventually denying permission and then permanently enjoining Judy from applying to disinter Nick's remains. We disagree that the statute supports the court's authority to control Judy's right to apply for disinterment.

¶18 To understand why, we must again interpret WIS. STAT. § 69.18(4). Disinterment may only occur with permission from "the coroner or medical examiner of the county in which a decedent's corpse is interred[.]" Sec. 69.18(4)(a). There are two legal avenues by which a person may apply to the medical examiner or coroner for permission to disinter a grave: (1) a court order from a "court of competent jurisdiction"; or (2) a written application that must be (a) "signed by the person in charge of the disinterment" and (b) signed by a person on the priority list "when persons in prior classes are not available at the time of application, and in the absence of actual notice of contrary indications by the decedent or actual notice of opposition by a member of the same or a prior

9

class[.]" *Id.* The statute provides for seven classes of persons, in priority order, who may sign as the person applying for a disinterment permit. *Id.*

¶19    Judy chose the second legal avenue, the application path. Under the statutory priority order, the highest priority class is the decedent's own wishes, followed by a surviving spouse. WIS. STAT. § 69.18(4)(a)1g., 1m. A decedent's siblings are the fifth priority class. Sec. 69.18(4)(a)4. Judy was Nick's spouse at the time of his death, and as such, she had a higher priority class than his sisters by the plain meaning of the statute.[6] *See Kalal*, 271 Wis. 2d 633, ¶46.

¶20    In WIS. STAT. § 69.18(4), the legislature determined whose wishes would control disinterment authorization. In the application path, the statute requires the signed permission of someone within seven classes of "persons, in order of priority stated." Giving the statute "its full, proper, and intended effect," the "order of priority" allows a person in a higher priority class to not only request disinterment, but also to block disinterment if the request is made by someone in a lower priority class. *See Kalal*, 271 Wis. 2d 633, ¶44. Therefore, Nick's sisters disagree with Judy's wishes, but under the statutory framework, their wishes do not overcome hers.

¶21    We conclude that when there is a controversy over a disinterment permit that arose from the application path, the circuit court is constrained by the statutory framework. Therefore, the circuit court erred when, after concluding the permit was invalid, it switched the disinterment request to the court's "competent

---

[6] We note that Judy argues that, as there was no evidence presented that Nick expressed wishes about where he wanted to be buried, as the surviving spouse, her wishes are the highest priority. The record reflects that depositions were taken from Nick's four sisters and Judy and none of them testified that Nick expressed where he wanted to be buried.

jurisdiction" and considered equitable factors. *See* WIS. STAT. § 69.18(4). Although this action reached the court for declaratory judgment, the court may not use that authority to undermine the statute. *See **Tooley v. O'Connell***, 77 Wis. 2d 422, 433, 253 N.W.2d 335 (1977) (discussing that declaratory relief is discretionary, but that "discretion must be exercised within the confines of the statutes and well-established precedent").

¶22 The circuit court's decision to address this matter under purely equitable considerations contravened the statute because it ignored that the statutory priority classes govern and resolve most controversies over disinterment. As such, we clarify that a circuit court does not have authority to enjoin a statutorily higher priority class person from receiving or exercising a disinterment permit in favor of the wishes of a statutorily lower priority class person. It does not have authority to insert equitable factors when a party pursued disinterment under the application path, unless a controversy arises that is not resolved by the plain meaning of the priority classes.[7]

¶23 We conclude that the circuit court's finding that Judy's application was incomplete and the permit was invalid does not bar Judy from starting again, correcting errors, or submitting a new application for a permit. Nothing in the statute itself bars Judy from starting over with a new application for a permit.

---

[7] Under these facts and circumstances, the statutory priority class framework resolves the controversy. We acknowledge that when controversies that arise between persons within the same priority class or situations where the cemetery official has not consented to the disinterment, then the parties may seek the circuit court's intervention and pursue the statutory court order path. When a controversy over disinterment is properly before the circuit court, the court's decision is discretionary. Although here the court offered an analysis of equitable factors, we do not need to determine whether those factors are reasonable to resolve this matter.

¶24 Accordingly, we conclude that the decision to permanently enjoin Judy from seeking a disinterment permit for Nick's remains was an erroneous exercise of discretion. *Kocken v. Wisconsin Council 40, AFSCME, AFL-CIO*, 2007 WI 72, ¶¶24-25, 301 Wis. 2d 266, 732 N.W.2d 828. Judy's right to seek a disinterment permit for her late husband's remains, established under the statutory prioritization system, means that Nick's sisters have not suffered a legally cognizable injury to support an injunction. Therefore, a permanent injunction is not appropriate. *See Hartung v. Milwaukee Cnty.*, 2 Wis. 2d 269, 281, 86 N.W.2d 475 (1957).

## CONCLUSION

¶25 For the reasons stated above, we affirm the part of the circuit court's order denying judgment to Judy. We conclude that when a person seeks to disinter a grave within a cemetery, "the person in charge of disinterment" in WIS. STAT. § 69.18(4) is the cemetery authority over that grave. However, we vacate the permanent injunction. We reverse the remainder of the order and remand with instructions to dismiss the action. We also suggest all counties determine whether their disinterment application and permit forms comply with the statutory requirements.

*By the Court.*—Order affirmed in part; order reversed in part and cause remanded with directions.

Recommended for publication in the official reports.